Taft, J.
The General Assembly has clearly expressed the policy of this state with respect to the granting of certificates for the operation of motor transportation companies over routes already served by previously certificated carriers and has clearly stated to the commission the limitation on its power to grant such additional certificates.
For example, Section 614-87, General Code, reads in part:
*362 ‘ ‘ The commission shall have the power, after notice and hearing, when the applicant requests a certificate to serve in a territory already served by a motor transportation company holding a certificate of public convenience and necessity from the commission, to grant a certificate only when the existing motor transportation company or companies serving such territory do not provide the service required or the particular kind of equipment necessary to furnish such service to the satisfaction of the commission * * *.
< < # # #
“Before granting any certificate the commission shall take into consideration other existing transportation facilities in the territory, for which a certificate is sought, and in case it appears from the evidence that the service furnished by existing transportation facilities is reasonably adequate the commission shall not grant such certificate.
i l # * #
“On finding of the public utilities commission that any motor transportation company does not give convenient and necessary service in accordance with the order of such commission such motor transportation company shall be given a reasonable time, not less than sixty days, to provide such service before any existing certificate is cancelled or a new one granted over the route or for the territory mentioned in the finding and order of or hearing before the Public Utilities Commission.” (Emphasis added.)
The policy so expressed would obviously be thwarted if the commission did not, before granting an additional certificate for operation over routes already served, give the previously certificated carrier not only a “reasonable time * * * to provide such service,” that is service which is “reasonably adequate,” but also a reasonable opportunity to know at least what service the commission considers as “reasonably adequate” *363 or in what respects the existing service is not reasonably adequate.
Nothing in the order made by the commission in the instant case provides the appellant with any such opportunity.
The General Assembly has also clearly stated to the commission that, in a contested case, it is not sufficient for the commission merely to state, as it did in the instant case, “that the services of protestant * # * are not reasonably adequate and” order appellant “to improve its service” and “to expand its present operations to provide such additional service. ’ ’
For example, Section 614-46a, General Code, provides :
“In all contested cases heard by the commission, it shall be the duty of the commission to file with the records thereof, written opinions setting forth the reasons prompting the decisions arrived at by the commission, together with a resume from the record of the facts upon which such decisions are based. ’ ’
Except for the statement of its ultimate conclusions, there are no facts mentioned in the order of the commission as a basis for the decision and no reasons for the decision are given by the commission. The order of the commission does contain a provision “adopting as its findings of fact * * * the report” of its attorney examiner. However, while that report does summarize the testimony of each witness, the only things which even resemble findings of fact are statements of the ultimate conclusions of the examiner. His summary of the testimony of each witness and a statement of the ultimate conclusions reached obviously do not amount to a resume of the facts. .
Probably the principal purpose of Section 614-46a, General Code, was to enable this court to review the action of the commission without reading the voluminous records in Public Utilities Commission cases. *364 Where the commission states the facts found upon which it bases its decision, this court can usually readily determine, as it is required to do by Section 544, General Code, whether the order of the commission is “unlawful or unreasonable.” A review of the essential facts so found can also be made with the help of record references supplied by opposing counsel in their briefs. The General Assembly never intended this court to perform the same functions and duties as the Public Utilities Commission but it did intend that this court should determine whether the facts found by the commission lawfully and reasonably justified the conclusions reached by the commission in its order and whether the evidence presented to the commission as found in the record supported the essential findings of fact so made by the commission.
Because the order of the commission does not provide the appellant a reasonable opportunity to determine what to do in order to comply therewith and because of failure of the commission to comply with Section 614-46a, General Code, the order of the commission is unlawful and is, therefore, reversed, and the cause is remanded to the commission for further proceedings in accordance with this opinion.

Order reversed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Matthias and Hart, JJ., concur.